*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HARDEN, Minors.

UNPUBLISHED
April 20, 2023

No. 362580
Wayne Circuit Court
Family Division
LC No. 2018-000014-NA

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur in the majority's analysis of the trial court's rulings with regard to jurisdictional and visitation issues. I part company with the majority solely with respect to its analysis of our appellate jurisdiction. Whereas the majority concludes that the trial court's June 9, 2022 order was not appealable by right (but the majority nonetheless exercises its discretion to treat respondent's claim of appeal as an application for leave to appeal and grant it), I conclude that the June 9, 2022 order was appealable by right. While the majority and I get to the same place (consideration of the issues on the merits), and agree upon the result, we do so through different avenues. I therefore dissent from the majority opinion only with regard to its determination to treat the matter before us as on leave granted, rather than as an appeal by right.

The simple fact is that the trial court's June 9, 2022 order found both (1) grounds for exercising jurisdiction over the minor child, JLH, and (2) statutory grounds for terminating respondent's parental rights to JLH.[1] That order was entered after the trial court held, over multiple days, what is referred to in the record as a "dispositional review hearing and bench trial."[2] The

---

[1] The order also scheduled a best interests hearing. Ultimately, after that best interests hearing was held, the trial court found that it was not in JLH's best interest to terminate respondent's parental rights.

[2] The hearing related to both JLH and another child, KRH. It is not entirely clear whether the "dispositional review hearing" aspect of the hearing initially related to both JLH and KRH, but the "bench trial" aspect appears to have related solely to JLH, inasmuch as the trial court had

June 9, 2022 therefore operated both as an order of adjudication and as an initial dispositional order with respect to JLH.[3] I therefore respectfully disagree with the majority to the extent it concluded that the June 9, 2022 was not an initial dispositional order because "disposition still depended on the outcome of the best-interests hearing."

Once a trial court authorizes a petition in a child protective proceeding, "the adjudication phase of the proceedings takes place, and the 'question at adjudication is whether the trial court can exercise jurisdiction over the child (and the respondent-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights.' " *In re Mota*, 334 Mich App 300, 312; 964 NW2d 881 (2020), quoting *In re Ferranti*, 504 Mich 1, 15, 934 NW2d 610 (2019). It is permissible for the trial court to combine an adjudication trial and a dispositional hearing in a single proceeding. *Id*. at 315-316. Regardless of whether that was done properly in this case[4]—an issue that is not before us—or whether the trial court accurately understood or characterized respondent's appellate rights, the resulting order unmistakably constituted both an order of adjudication (finding grounds for exercising jurisdiction) and an initial dispositional order (finding statutory grounds for termination of parental rights). As an initial dispositional order, it was appealable by right under MCR 3.993(A) ("The following orders are appealable to the Court of Appeals by right: . . . (2) an initial order of disposition following adjudication in a child protective proceeding.").


/s/ Mark T. Boonstra

---

previously found grounds to exercise jurisdiction over KRH. Regardless, the resulting June 9, 2022 order made findings that were both adjudicative and dispositional with respect to JLH.

[3] Plaintiff, petitioner, and the lawyer-guardian ad litem for JLH all appear to agree in this respect, and I believe the record supports their position.

[4] Under the process outlined by this Court in *In re Mota*, 334 Mich App 300; 964 NW2d 881 (2020), the proper procedure would be to initially hold an adjudication trial, make findings as to jurisdiction, and then (if grounds for exercising jurisdiction are found) "the dispositional hearing in which termination is sought may immediately be commenced." *Id*. at 315-316. Whether the trial court properly did so in this case is not before us on appeal. But even assuming that the trial court may have erred by failing to clearly separate the adjudication and dispositional aspects of the hearing, it would be subject to plain-error review, which would require a showing—for which no one has argued in this case—"that respondent's substantial rights were affected or that the integrity, fairness, or public reputation of the proceedings were seriously affected by the court's procedural errors." *Id*. at 317.